McCLINTOCK et al. v. WESTOVER.

No. 5114.

District Court, S. D. California, C. D.

Oct. 16, 1947.

John T. Riley and Richard K. Yeamans, both of Los Angeles, Cal., for plaintiffs.

James M. Carter, U. S. Atty., E. H. Mitchell and George M. Bryant, Asst. U. S. Attys., Eugene Harpole and Loren P. Oakes, Sp. Attys., Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

HARRISON, District Judge.

The above case came on regularly for trial on July 9, 1946, before the above-entitled Court, sitting without aid or intervention of a jury; the plaintiffs appearing by Richard K. Yeamans, Esquire, and the defendant appearing by James M. Carter, United States Attorney for the Southern District of California, E. H. Mitchell and George M. Bryant, Assistant United States Attorneys for said District, and Loren P. Oakes, Special Attorney for the Bureau of Internal Revenue; and the trial having proceeded, and oral and documentary evidence on behalf of plaintiffs having been submitted to the Court for consideration and decision and the Court on August 26, 1946, having rendered its memorandum opinion herein, and the Court from the foregoing evidence, makes the following Findings of Fact and Conclusions of Law:

Findings of Fact.

1. At all times material herein, the plaintiffs were and now are, copartners doing business under the firm name and style of McClintock Display Co., and have fully complied with the provisions of Sections 2466–2468 of the Civil Code of the State of California by filing a certificate of fictitious name with the County Clerk of the County of Los Angeles, State of California and publishing the same as required by law.

2. The taxes sued for herein were paid to defendant in his official capacity as Collector of Internal Revenue for the Sixth Collection District of California and at all times material herein, the defendant was such Collector of Internal Revenue.

3. At all times material herein the plaintiffs have been engaged in the business of manufacturing, selling and leasing certain rubber articles, which were used for decorative purposes in numerous meat markets, delicatessens and similar establishments which were plaintiffs' customers.

4. On March 10, 1943, the Commissioner of Internal Revenue assessed against the plaintiffs the amounts of $22,507.23, $5,417.54 and $1,001.54 representing respectively tax penalty and interest for the period October 1, 1941 through October 31, 1942, with respect to the Federal excise taxes on rubber articles imposed by Section 3406(a) (7) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 3406(a) (7).

The net dollar amount of sales made by plaintiffs in each of the months herein in question and the amount of tax due and

714

payable thereon at the close of each of said months is as follows:

| 1941 | Net Amount of Sales | Tax Due |
|---|---|---|
| October | $ 687.85 | $ 62.53 |
| November | 507.33 | 46.12 |
| December | 561.82 | 51.07 |
| **1942** | | |
| January | 293.06 | 26.64 |
| February | 194.91 | 17.72 |
| March | 86.17 | 7.83 |
| April | 72.12 | 6.56 |
| May | 45.00 | 4.09 |
| June | 162.04 | 14.73 |
| July | 254.39 | 23.13 |
| August | 2,936.37 | 266.94 |
| September | 4,820.15 | 438.20 |
| October | 2,089.02 | 189.91 |
| | $12,710.23 | $1,155.47 |

The tax in this case, due, other than as a result of sales of their product made by plaintiffs, was computed on the following figures and in the following manner and was collected as above set forth:

| 1941 | Revenue | Tax as Computed |
|---|---|---|
| October | $ 16,699.78 | $ 1,518.16 |
| November | 21,317.63 | 1,937.97 |
| December | 19,529.84 | 1,775.44 |
| **1942** | | |
| January | 18,663.13 | 1,696.65 |
| February | 17,929.09 | 1,629.92 |
| March | 20,731.87 | 1,884.72 |
| April | 17,410.03 | 1,582.73 |
| May | 20,124.39 | 1,829.49 |
| June | 20,116.23 | 1,828.75 |
| July | 19,168.67 | 1,742.61 |
| August | 17,575.37 | 1,597.76 |
| September | 14,163.29 | 1,287.57 |
| October | 11,431.91 | 1,039.99 |
| Total | $234,869.23 | $21,351.76 |

5. On or about December 24, 1943, the Commissioner of Internal Revenue abated the penalty of $5,417.54 mentioned in paragraph 4 hereof.

6. On January 26, 1944, plaintiffs paid to Harry C. Westover, the Collector of Internal Revenue for the Sixth Collection District of California, $22,507.23 and $2,248.37, to cover respectively the foregoing tax and interest accrued at the time of payment.

7. On October 13, 1944, plaintiffs filed with defendant their claim for refund on official form 843 within the time and in the manner provided by law and a correct copy of such claim is attached to the Complaint herein filed.

8. On or about April 16, 1945, the Commissioner of Internal Revenue of the United States rejected and disallowed plaintiff's said claim for refund.

9. The plaintiffs have not in any way contested the above assessment by the Commissioner of Internal Revenue insofar as it relates to taxes based upon total amounts received by plaintiffs from outright sales of their above rubber products to others, but plaintiffs by the Complaint herein and their above refund claim have contested only that part of the foregoing assessment relating to taxes assessed by the Commissioner of Internal Revenue by reason of leases made by plaintiffs to their customers with respect to the above rubber products which plaintiffs had manufactured.

10. Plaintiffs' operations here in question occurred during the 13 months period commencing October 1, 1941. Plaintiffs dispute the assessment of the above taxes with respect to certain of their revenues which constituted rentals received from their customers after the customers had entered into rental agreements with plaintiffs. All of these rental revenues were derived from plaintiffs' use of a certain rental agreement, a typical copy of which was mentioned and explained in paragraph VI of the "Stipulation of Certain Facts" filed herein on May 10, 1946. No other or further written or printed instrument was used by plaintiffs in deriving the foregoing revenues, which totalled $234,869.23 for the above 13 months period.

11. A typical copy of the above rental agreement was attached to the foregoing stipulation as Exhibit A thereto. Such rental agreement reads as follows:

12. The outright sales by plaintiffs of their above rubber decorative products were made in areas where they were not equipped to render service in connection

"Rental Agreement
McClintock Display Company, Lessor
The Original Rubber Leaf Decoration

3044 Riverside Drive  Phone Morningside 12113

C20396 Los Angeles, Calif.,  October 1  19 41

Lessee  X Super Market

2000 Connecticut Ave.,

Newark, New Jersey  District

☒ New Contract  ☐ Picked Up

☐ Added to  ☐ Contract Cancelled

Rubber leaf

20 – 18" clips installed
20 – 18" R.L. @ 7¢—$1.40

Total Feet  30  Total 18" Units  20

| | Amount |
|---|---|
| 20 Total Holders Installed | |
| Rubber Leaf Exchanged | |
| Collected for 3 Months | |
| Rent Payable in Advance | Total Collected  4|20 |

Rent from  10–1–41  To  1-1-42

Received Rent  Smith  Representative

Merchandise installed is the property of McClintock Display Co. This lease is revocable by McClintock Display Co. or lessee upon ten (10) days written notice.

Accepted by  Lessee

Form R–A Western Salesbook Co., 3049 E. 12th St., L.A., An.
10338
9751."

with the same. In other areas plaintiffs made leases of the foregoing products to their customers and in connection with such leases plaintiffs rendered certain services, including the replacement of soiled or damaged decorations with either new or renovated units. These replacements occurred from time to time during the terms of the leases agreed upon with such customers and said replacements did not cause any change with respect to the rentals payable or the rental terms agreed upon in the various rental agreements.

The plaintiffs were the lessors and were not the users of the above rubber products which were leased to their customers by rental agreements such as the one hereinbefore quoted. Such products were used by plaintiffs' customers who were the lessees thereof. In no instances did the plaintiffs use the foregoing products which they manufactured.

14. The plaintiffs did not include the above excise taxes on the articles rented by them in the rental charges therefor, nor did they collect the amount of tax from their customers regardless of whether the customers were vendees or lessees.

From the foregoing Findings of Fact, the Court draws the following

### Conclusions of Law

1. The rental agreement quoted in finding 11 constituted a lease and the revenues derived from the use of this agreement constituted rentals.

2. The leases which plaintiffs made as to their products by use of the above rental agreement constituted taxable sales of such products within the definition of "taxable sale" contained in Section 3440 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev. Code, § 3440.

3. The Commissioner of Internal Revenue correctly computed and assessed against the plaintiffs the foregoing Federal excise taxes and interest thereon with respect to the above sales and rentals of the rubber products. The collection of the foregoing taxes and interest was legal and correct.

4. Plaintiffs have not overpaid their Federal excise taxes (or interest thereon)

with respect to the sales and rentals of the foregoing rubber products.

5. Plaintiffs have failed to prove a claim or facts upon which the relief prayed for in the Complaint or any other relief can be granted and they are not entitled to any refund whatsoever of Federal excise taxes (or interest thereon) with respect to the foregoing sales and rentals of rubber products or any other matters involved in the above-entitled suit.